### STATE v LEE et

Ohio Appeals, 5th Dist, Fairfield Co

No 213.  Decided Sept 16, 1940

Robert Hastings, prosecuting attorney, and John E. Silbaugh, Lancaster, for appellee.

Kermit C. Sitterly, Lancaster, for appellant.

### OPINION

By MONTGOMERY, J.

Robert E. Lee and William S. Hart, who were inmates of the Boys Industrial School near Lancaster, were indicted by a grand jury of Fairfield County for murder in the first degree for the killing of one Axel Stromstead, who was an employee of the institution in charge of the tailor shop, where the two defendant inmates were employed. Hart waived in writing a trial by jury and elected to be tried by three Common Pleas judges, and was so tried. They found him guilty of murder in the first degree with a recommendation of mercy and sentenced him accordingly, and from this judgment he now appeals to this court.

There are several assignments of error, all of which we have considered. We find no merit in any of them, and

two only, of them, seem to deserve any discussion.

It is contended that the trial court erred in admitting in evidence State's Exhibit No. 13, which was a document admittedly signed by Hart, and in the following language:

· "I got one bar from tool ben in back of taylor shop to hit Mr. Stromstead.
William S. Hart."

After the return of the indictment a bill of particulars was demanded and was furnished by the prosecuting attorney, and it is objected that in the bill of particulars this statement or confession was not recited. There is no reason why it should have been so recited. The defendant did not comply with §11552 which governs the production or inspection of written documents.

It is contended further that this document was obtained from Hart by threats and coercion. A study of the record fails to convince us that this is true. It would appear to have been given voluntarily. In any event, Hart made other statements to the same effect; and there is in the record other and independent evidence that Hart did the exact thing recited in this statement. In no sense was the admission of this document prejudicial.

It is urged strenuously that the record shows that Hart withdrew from the enterprise and was not a party to the actual murder which was committed by Lee. To sustain this contention, it is urged that after Hart had obtained this iron bar from the tool bin, and placed it on a table near where Lee was working and near which Stromstead was sitting, that he then signaled to Lee two or three times to the effect that it was "no go". Just what was meant by such a signal is a matter of conjecture. The trial judges who heard the case were of the opinion that it meant that the proposed flight of the inmates was "no go". There is nothing in the record to indicate that this signaling was intended to deter Lee from using the instrument, and the only reasonable conclusion is that Hart was signaling to Lee his own intentions and the intentions of their other associates.

In any event, Hart did not again take possession of this bar, restore it to where he had found it or get it away from the reach of Lee. He did nothing to warn Stromstead of the danger. He clearly set in motion the forces which produced Stromstead's death and did nothing to deflect the course of the forces.

Appellant relies upon the case of **Galan v The State of Ohio, 44 Oh Ap 192.** We do not think that this case is an authority in the instant case. In the Galan case the accused had proposed a robbery of a certain business and had inspired the notion of robbery in the minds of two or three other men who later did commit the robbery after Galan had indicated to them he would have no further part in it, regarding it as impracticable. He had clearly indicated to his associates his intention to have no participation further in the project. Galan had done nothing other than to suggest the robbery and perhaps inspired it. But before there was any overt act he had withdrawn completely and had so indicated to his associates. That is not the instant case, as we have heretofore indicated.

When one procures a deadly weapon, in pursuance of a previous understanding, places that weapon within the proximity and control of another for a given purpose, thereafter does nothing to remove the weapon, and the one to whom it is afforded commits the crime which was intended, the one who furnished the weapon and started the evil forces to work is certainly guilty of the crime which was charged.

The judgment of the trial court may be affirmed.

SHERICK, PJ and LEMERT, J., concur.